MEMORANDUM *
Derrick Smith, a Hawaii state prisoner, appeals the district court’s denial of his 28 U.S.C. § 2254 habeas corpus petition, in which he challenges his conviction of the second degree murder of his infant son. *536 His contention is that errors in three evidentiary rulings of the trial court, either singly or in combination, deprived him of due process of law. We review de novo the district court’s decision to grant or deny a § 2254 habeas petition. Bean v. Calderon, 163 F.3d 1073, 1077 (9th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner seeking habeas relief must demonstrate that the state court’s decision on the merits was “contrary to, or involved an unreasonable application of, clearly established federal law” under United States Supreme Court precedent, or that the decision “was based on an unreasonable determination of the facts.” 28 U.S.C. § 2254(d)(1)—(2); see also Lockyer v. Andrade, 538 U.S. 63, 70-73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). None of the three alleged errors meets this standard.
The first challenged ruling was the admission of Smith’s statement to the baby’s mother, several weeks before the baby died. This statement was not admitted to show propensity, but only to show motive, intent or absence of mistake or accident. The jury was informed of the limited purposes for which the statement could be considered. See Windham v. Merkle, 163 F.3d 1092, 1103 (9th Cir.1998) (holding that the admission of evidence “will violate due process only when there are no permissible inferences the jury may draw from the evidence.” (internal quotation marks and citation omitted)).
The second piece of evidence was a photograph of the defendant. Because there was no objection to its admission at trial, the Hawaii Supreme Court held that Smith was procedurally barred from raising it on direct appeal. Smith is also procedurally barred from contesting its admission in federal habeas review. Park v. California, 202 F.3d 1146, 1150 (9th Cir.2000).
Smith’s third challenge was to a PowerPoint slide presentation, during opening and closing arguments, that included autopsy photographs of the infant’s body and allegedly inappropriate captions. The presentation was hotly disputed at trial. The trial court was fully aware of the positions of the parties and the potential effect of the material on the jury, and gave the jury limiting instructions that opening and closing statements are not evidence. Bearing in mind the extensive nature of the victim’s injuries, the use of the photographs themselves could not have amounted to prosecutorial misconduct, and the captions did not result in any additional prejudice that rendered the trial unfair. See Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (noting that it “is not enough that the prosecutors’ remarks were undesirable or even universally condemned.... The relevant question is whether the prosecutors’ comments so infected the trial with unfairness as to make the resulting conviction a denial of due process.” (internal quotation marks and citations omitted)); see also Ceja v. Stewart, 97 F.3d 1246, 1253 (9th Cir.1996) (“Counsel are given latitude in the presentation of their closing arguments, and courts must allow the prosecution to strike hard blows based on the evidence presented and all reasonable inferences therefrom.” (citation omitted)).
The admission of the evidence, even when cumulatively considered, did not implicate Smith’s constitutional rights to due process or a fair trial. Under the AEDPA standard which we are bound to follow, the decision of the Supreme Court of Hawaii upholding the conviction was not, therefore, contrary to or an unreasonable application of clearly established federal law to the facts of this case.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.